REMINGTON REALTY COMPANY *et al. vs.* CITY OF
PROVIDENCE *et al.*
CENTRAL PARKING REALTY CO. *vs.* CITY OF PROVIDENCE *et al.*

MAY 19, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

ROBERTS, J. These bills in equity were brought to enjoin the city of Providence from proceeding to take by condemnation certain real estate owned by the complainants. The causes were heard together in the superior court on bill, answer and proof and thereafter a final decree was entered in each cause denying and dismissing the bill of complaint. From such decrees the complainants have appealed to this court.

In 1950 the general assembly enacted legislation entitled "An Act Providing For Off-Street Parking Facilities In Providence." Public Laws 1950, chapter 2514. Under the provisions thereof the city of Providence was authorized to establish and operate off-street automobile parking facilities. Section 7 of the act provides that the facilities may either be operated by the city or leased by it for operation by private individuals. The property to be used for such purposes is, by sec. 5 of the act, to be acquired by the city and the power of eminent domain is delegated to the city for such acquisition.

In December 1954, pursuant to the authority of chap. 2514, the city council passed a resolution for the construction of off-street parking facilities. Early in 1955 the council passed an ordinance providing for the issuance of municipal bonds. The ordinance recited that the proceeds of the bonds "shall be applied pursuant to the provisions of Chapter 2514 of the Public Laws, Rhode Island, as passed by the General Assembly at its January Session, A. D. 1950 for the purpose of constructing Off-Street Parking Facilities in

accordance with the provisions of said Chapter 2514, and for no other purpose."

The bills of complaint alleged that the respondent municipality was prepared to proceed under the authority of chap. 2514 to take by condemnation complainants' real estate. It was further alleged that such taking was illegal and in violation of the constitutions of Rhode Island and the United States. It was urged that the mayor and certain other officials of the city be enjoined from taking complainants' property and further that the said respondent be enjoined from issuing municipal bonds to finance the project.

By their appeals complainants have raised several constitutional questions affecting the validity of chap. 2514. The briefs and arguments have treated separate and distinct grounds of alleged unconstitutionality. Because of the view which we take on the issues, we deem it necessary to consider only one ground of the appeals. We are of the opinion that chap. 2514 is invalid under the provisions of article I, sec. 16, of the Rhode Island constitution and under the due process clause of the fourteenth amendment to the United States constitution. In our judgment the compensation provisions of the act in question are inadequate to satisfy the constitutional requirements for the exercise of the power of eminent domain.

The provisions of chap. 2514 which are pertinent to these appeals read as follows:

"Sec. 5. For the purposes of this act *the city of Providence is hereby authorized to acquire public or private, real or personal, property* and property rights, above, at, or below the surface of the earth, necessary for off-street parking facilities, *by* purchase, *condemnation,* gift, contribution, lease, bequest, devise or grant *in the same manner as said city is now or hereafter may be authorized by law to acquire such property or property rights in connection with highways or streets;* provided, however, that no off-street parking facility may be acquired without the consent of the owner and occupant unless such facility is to be incorporated with-

in an off-street parking facility with a capacity at least 100% greater than the facility to be taken. Where property so acquired by the city of Providence for off-street parking facilities is being operated at the time of acquisition as a commercial off-street parking facility then the operator of said commercial off-street parking facility shall be permitted to continue to operate said facility until alterations to the property shall have been commenced by the City of Providence." (italics ours)

"Sec. 8. *The city of Providence is hereby authorized,* subject to the requirements of state law and municipal ordinance, to finance the planning design, maintenance, and operation of off-street parking facilities by any one or any combination of the following methods: (a) general fund appropriation or (b) gift, contribution, bequest, devise or grant; and *to finance* the design, *acquisition of property* for, construction, alteration, or enlargement of off-street parking facilities *by any one or any combination of the following methods*: (a) general obligation bonds; (b) revenue bonds payable solely out of revenue from off-street parking facilities, issued upon conditions prescribed by the city council; (c) general fund appropriation; (d) state and federal grants and aids; (e) gift, contribution, bequest, devise or grant." (italics ours)

"Sec. 11. In accordance with the provisions and procedures prescribed by section 8, *the city council shall provide for financing of the improvements.*" (italics ours)

The constitutional principles governing the exercise of eminent domain are well established. "It has long been settled that the taking of property for public use by a State or one of its municipalities need not be accompanied or preceded by payment, but that the requirement of just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge." *Joslin Mfg. Co.* v. *City of Providence,* 262 U. S. 668, 677. This court has recognized and applied the same

rule with respect to article I, sec. 16, of the state constitution. *East Shore Land Co.* v. *Peckham,* 33 R. I. 541; *City of Newport* v. *Newport Water Corp.,* 57 R. I. 269. In the last-cited case it was stated that "property may not be taken without the payment of or securing the payment of just compensation." Thus, a statute, which delegates to a municipality the exercise of the power of eminent domain must contain a pledge of the public faith and credit and must afford to those whose property is to be taken an adequate and definite remedy for enforcing the claim. 3 Nichols, Eminent Domain (3d ed.), §8.71.

It is true that the general principles above stated do not require a particular statutory formula for guaranteeing the payment of compensation. Compare *In re Condemnation of Land for New State House,* 19 R. I. 326, *East Shore Land Co.* v. *Peckham,* and *Joslin Mfg. Co.* v. *City of Providence, supra.* However, it is equally true that the legislature must in some manner make such payment certain and definite and unequivocally provide a remedy for enforcement. It must also appear from the statute that funds are set aside, that payment therefrom is obligatory, and that a procedure is available to the property owners for obtaining such payment. In the instant cases we can perceive no obligation, express or implied, to provide compensation from funds specifically made available for this purpose.

The respondents have devoted much of their argument to the contention that sec. 5 of chap. 2514 provides an adequate remedy for enforcing the compensation claim. They contend that a procedure for enforcement of compensation has been incorporated into sec. 5 by the following language: "* * * in the same manner as said city is now or hereafter may be authorized by law to acquire such property or property rights in connection with highways or streets * * *." Assuming without deciding that this contention is correct, we are of the opinion that the condemnation provisions are nevertheless defective, since the providing of a procedural

remedy is but one of the requirements. It is also constitutionally necessary that specific funds be available and that use of those funds for the payment of compensation be made a fixed obligation.

Turning to the above-quoted language of the act here in question, we are unable to find provisions which would satisfy the constitutional demands. Section 5 of the act delegates the power of eminent domain in general language. In sec. 8 alternative methods of financing the acquisition of property are *authorized*. Section 11 requires the city council to provide funds for financing *improvements*. Nowhere in the act is the city required to provide funds for the "acquisition of property," and nowhere therein is a specific obligation imposed upon anyone to make payment. In our judgment the statutory language cannot fairly be interpreted to impose a sufficiently clear and definite obligation to make payment certain.

The respondents argue that the compensation provisions of the act are substantially similar to those which were questioned and upheld in *Joslin Mfg. Co.* v. *City of Providence, supra*. We are of the opinion that there is one vital difference between the provisions of the present act and those at issue in the *Joslin* case. In that case the act provided that the municipality could undertake condemnation proceedings only after funds had been provided for compensation; thus, the guarantee of payment was made a condition precedent to the taking. Other statutes relating to the exercise of the condemnation power which have been upheld by this court have also contained in some form or other a definite obligation to make payment. See *In re Condemnation of Land for New State House, East Shore Land Co.* v. *Peckham*, and *City of Newport* v. *Newport Water Corp., supra*.

We hold that chapter 2514 is constitutionally invalid in its attempted use of the power of eminent domain because it does not make appropriate provisions for securing the

payment of compensation. In view of this conclusion, it is unnecessary to consider any of the several other constitutional issues raised in these appeals.

In each cause the complainant's appeal is sustained, the decree appealed from is reversed, and each cause is remanded to the superior court with direction to enter a decree enjoining the mayor and the city council from taking the complainant's property.

*Armstrong, Gibbons & Lodge, Edward M. McEntee,* for complainant Remington Realty Company.

*Sherwood & Clifford, Raymond E. Jordan, E. Howland Bowen,* for complainant Central Parking Realty Co.

*William E. McCabe,* City Solicitor, *Francis D. McManus* and *Harry Goldstein,* Ass't City Solicitors, for respondents.